Kuhner v. Butler.

---

## Kuhner v. Butler.

1. Usury: defense. A defendant in a proceeding to foreclose a mortgage, may set up usury as a defense without first tendering to the plaintiff the amount admitted to be due.

*Appeal from Johnson District Court.*

Thursday, April 11.

Bill in Chancery for the foreclosure of a mortgage. The answer admits the execution of the note and mortgage set out in the bill, but alleges that the note is tainted with usury, and sets out particularly the history of the transaction in which it was executed. To this answer the plaintiff filed the following exceptions:

1. That said defendant seeks the aid of equity and does not offer to do equity.

2. That defendant pleads usury and admits that there is due plaintiff on said usurious contract, two hundred dollars, and does not tender or offer to pay the same.

The court sustained these exceptions and entered a decree in accordance with the prayer of the bill. The defendant appeals.

*Clarke & Davis* for the appellant.

The court based his decision upon the maxim " that he who seeks equity must do equity:"

1. This maxim applies only to a party who comes into a court of equity as a plaintiff seeking independent relief.

2. Where a party comes into a court of equity seeking to enforce a usurious contract and the defendant pleads usury, the court is compelled to enforce the statute without any tender, all the maxims in the books to the contrary notwithstanding.

*Phelps* v. *Pierson*, 1 G. Greene 127 ; *Rogers* v. *Rathburn*, 1 John Ch. R. 366 ; *Fulton Bank* v. *Beach*, 1 Paige 429 ; *Cole* v. *Savage*, 1 Iowa 485 ; Will. Eq. 216 ; 1 Storys Eq. Jur: 76 and 300 ; *Fanning* v. *Dunham*, 5 John. Ch. 142 and 145.

*Fairall & Bool* for the appellee.

The defendant asks the aid of equity to prevent the enforcement of an inequitable contract.   3 Wend. 573, and the authorities cited by appellant's counsel.

LOWE, C. J.—This was a mortgage foreclosure, in which the court below held that the defendant could not set up the defense of usury without first tendering plaintiff the amount admitted to be due.

This ruling is a misapplication of the maxim that " *he who seeks equity must do equity.*"   It is not the defendant in this case who is seeking to obtain independent relief from a hard contract as party plaintiff; but it is the creditor or lend-

er who comes into court as complainant, seeking to enforce against the defendant an illegal contract. Defending against such a claim, as an involuntary party to the action, is quite a different affair from seeking relief in the character of plaintiff; and it is unnecessary to refer, perhaps, to any authorities to show that the above maxim has no application to a case of this description. 1 Story Eq. 76–300.

Reversed.